UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL 'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05871-CAS-SSCx | Date | September 14, 2026 |
| Title | Daniel Ruchman v. DAS Labs LLC | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Charles Weller | | Cole Krushus |

**Proceedings:** ZOOM HEARING RE: DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS (Dkt. 12, filed August 10, 2026)

## I. INTRODUCTION

On June 1, 2026, plaintiff Daniel Ruchman ("Plaintiff") filed this putative class action against defendant DAS Labs LLC d/b/a Bucked Up ("Defendant"). Dkt. 1 ("Compl."). Plaintiff asserts seven claims for relief: (1) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (2) unjust enrichment; (3) breach of express warranty; (4) violation of the unfair prong of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (5) violation of the fraudulent prong of the UCL; (6) violation of the unlawful prong of the UCL; and (7) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq*. Id.

On August 10, 2026, defendant filed the instant motion to dismiss. Dkt. 12 ("Mot."). On August 24, 2026, plaintiff filed an opposition. Dkt. 16 ("Opp."). On August 31, 2026, defendant filed a reply. Dkt. 17 ("Reply").

On September 14, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

///

///

## II. BACKGROUND

Plaintiff alleges the following in his complaint:

Plaintiff is and at all relevant times was a California citizen domiciled in Ventura, California. Compl. ¶ 1.

Defendant is a Utah limited liability company with its principal place of business in American Fork, Utah. Id. ¶ 2. Defendant manufactures, packages, labels, advertises, distributes, and sells Bucked Up Lightly Carbonated Protein Drinks (the "Products"). Id. The Products are ultra-filtered whey isolate protein drinks, manufactured in rainbow candy, banana pineapple, peach mango, orange cream, and berry blast flavors. Id. ¶ 19.

Plaintiff brings his claims as a class action on behalf of himself and certain consumers of the Products. Id. ¶ 36. The purported class, estimated to be greater than 100 individuals, consists of "all consumers in the state of California who purchased the Products within four years prior to the filing of this Complaint." Id. ¶¶ 6, 36.

Plaintiff consumes protein supplements to ensure he gets enough protein in his diet. He does so to maintain his weight and meet fitness goals. It is important to plaintiff that he is able to accurately track his protein intake. Id. ¶ 17.

Plaintiff purchased the rainbow candy flavor of the Products on or around January 8, 2026 from a Vitamin Shoppe store in Thousand Oaks, California. Id. ¶ 18.

The Products are advertised as a protein supplement good for consumption after a workout. Id. ¶ 19. The Products state on the front label that they contain 25 grams of protein per drink. Id. ¶ 20. They repeat the same claim regarding protein content in the "Nutrition Facts" panel on the back label. Id.

At the direction of plaintiff's counsel, the Products were tested in or around December 16, 2025 by EMSL Analytical, an independent third-party laboratory in Cinnaminson, New Jersey. Id. ¶ 21. This testing employed AOAC Method 992.15 to determine the actual protein content of the Products. Id. The testing revealed that the protein content in the Products is overstated, with the shortfalls ranging from 6 to 18 percent across all flavors tested. Id. In other words, the testing demonstrated that the actual protein content ranged from 82% to 90% of the stated protein content for each tested flavor. See id.

The Products are manufactured, formulated ready-to-drink beverages containing isolated protein ingredients, flavoring ingredients, acids, preservatives, sweeteners, stabilizers, and other added ingredients combined through industrial processing to create a finished beverage product. Id. ¶ 22. Because the Products are formulated, manufactured foods containing isolated protein ingredients and multiple added ingredients, they are properly classified as "Class I" foods within the meaning of 21 C.F.R. § 101.9(g)(3). Id. ¶ 23. Accordingly, federal labeling regulations require that the Products be formulated such that the actual protein content is at least equal to the amount declared on the label. Id.

Plaintiff reviewed the front label and Nutrition Facts panel on the Products prior to his purchase. Id. ¶ 27. He reviewed the statements on those labels regarding protein. Id. These representations were false. Id.

Consumers such as Plaintiff who viewed the Products' labels reasonably understood the Products to contain 25 grams of protein per drink. Id. ¶ 28. Consumers, including Plaintiff, reasonably relied on these label statements such that they would not have purchased the Products from defendant or would have only been willing to pay a substantially reduced price for the Products had they known that defendant's representations were false and misleading. Id. In the alternative, because of defendant's deceptive and false labeling statements, defendant was able to charge a premium for the Products relative to key competitors' products or relative to the average price charged in the marketplace. Id. ¶ 29.

Plaintiff alleges seven claims for relief: (1) violation of the CLRA; (2) unjust enrichment; (3) breach of express warranty; (4) violation of the unfair prong of the UCL; (5) violation of the fraudulent prong of the UCL; (6) violation of the unlawful prong of the UCL; and (7) violation of the FAL.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

## IV. DISCUSSION

Defendant seeks to dismiss plaintiff's claims for equitable restitution. Mot. at 1. Defendant argues that plaintiff's equitable restitution claims fail because plaintiff does not allege an inadequate legal remedy. Id. at 2.

Plaintiff's complaint alleges that legal remedies are inadequate for three reasons. First, plaintiff alleges that he must show the Products he received have essentially no market value to receive a full refund as damages, whereas he can seek restitution without making this showing. Compl. ¶ 32. Second, plaintiff alleges that equitable relief is more certain than legal relief. Id. ¶¶ 33-34. Specifically, plaintiff argues that winning damages under his CLRA and common law claims require additional showings that are not required to obtain equitable relief. Third, plaintiff alleges that legal remedies are "not equally prompt or otherwise efficient" because a jury trial may require greater time and expense than a bench trial. Id. ¶ 35.

In its motion to dismiss, defendant argues that plaintiff's allegations must fail because plaintiff's legal and equitable claims "seek the same amount of money for the same harm, stemming from the same conduct." Mot. at 3. First, defendant argues that plaintiff cannot seek a full refund for the Product in *either* damages or restitution because he "has not adequately alleged a claim based on a worthless product." Id. at 4. Second, defendant disputes the relevance of plaintiff's allegation that the elements of plaintiff's legal and equitable claims differ. Id. at 4-5. Defendant argues that courts have recognized that a difference in required showings is "irrelevant unless the [p]laintiff can 'differentiate the facts that support their claims' under the different theories." Id. at 5 (citing Gradney v. Polar Beverages, 797 F. Supp. 3d 1016, 1028 (N.D. Cal. 2025)). Third, defendant argues that courts have rejected allegations of inadequate legal remedies that are based on the time and expense of jury trials. Id. at 5-6. Fourth, defendant argues that plaintiff makes merely conclusory allegations as to the inadequacy of legal remedies. Id. at 6.

In opposition, plaintiff argues that defendant "improperly demands proof of the inadequacy of legal remedies at the pleading stage." Opp. at 2. Plaintiff emphasizes that his claims for equitable relief are asserted "expressly in the alternative." Id. In response to defendant's first argument, plaintiff contends that "Bucked Up cannot argue in one breath that full-refund damages are unavailable to [plaintiff] and in the next that damages are a complete substitute for restitution." See id. at 6-7. Plaintiff further argues that the precise value of the loss to plaintiff and other consumers cannot be determined on the pleadings. Id. at 7. In response to defendant's second argument, plaintiff argues that Gradney's "no material difference" analysis reflects one side of an unresolved split within the Ninth Circuit. Id. at 5-6. Plaintiff argues that courts in this District have come out on the other side of that split. Id. at 6. Third, plaintiff argues that the Court need not

resolve the question of whether plaintiff's jury trial allegation is sufficient because plaintiff has set forth other allegations of inadequate legal remedies. Id. at 7-8. Fourth, plaintiff argues that he need not provide evidence or plead the probability of his entitlement to relief at the pleading stage. Opp. at 5, 8.

Also in opposition, plaintiff argues that Sonner v. Premier Nutrition Corp., 971 F.3d 834 (9th Cir. 2020), is distinguishable from the case at hand and has "minimal application at the pleading stage." Opp. at 2-3 (citing Murphy v. Olly Pub. Benefit Corp., 651 F. Supp. 3d 1111, 1129 (N.D. Cal. 2023)). Finally, plaintiff stresses that defendant does not challenge plaintiff's claims for injunctive relief, nor does defendant appear to meaningfully challenge plaintiff's claim for unjust enrichment. Id. at 8-9.

In reply, defendant argues that its arguments do not rely on Sonner. Reply at 1. Defendant also argues that the Court should dismiss plaintiff's unjust enrichment claim because such a claim is synonymous with restitution in the false advertising context. Id. at 8. Defendant largely reiterates its other arguments. Id. at 2-8.

"It is a basic doctrine of equity jurisprudence that courts of equity should not act when the moving party has an adequate remedy at law . . . ." Mort v. United States, 86 F.3d 890, 892 (9th Cir. 1996) (citation modified) (quoting Morales v. Trans World Airlines, Inc., 504 U.S. 374, 381 (1992)). "[T]he traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020).

Here, plaintiff appears to seek restitution pursuant to his UCL and FAL claims. Plaintiff seeks "all other relief available" pursuant to his UCL and FAL claims. Compl. ¶¶ 85, 93, 101, 108. Courts may award restitution under the UCL and FAL. See Cal. Bus. & Prof. Code §§ 17203, 17535; Pulaski & Middleman, LLC v. Google, Inc., 802 F.3d 979, 986 (9th Cir. 2015) (stating that the UCL and FAL "grant[] a court discretion to order restitution"). Moreover, plaintiff expressly seeks restitution pursuant to his unjust enrichment claim.[1] Compl. ¶ 71.

[1] Plaintiff argues that defendant forfeited its challenge to plaintiff's unjust enrichment claim because defendant did not "develop[]" its argument in its memorandum in support of its motion to dismiss. Opp. at 8-9. Plaintiff cites no legal authority for this

A plaintiff may seek alternative claims for relief pursuant to the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(3) ("A demand for the relief sought . . . . may include relief in the alternative or different types of relief."); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

Here, plaintiff prays for relief in the form of "actual, general, or compensatory damages," as well as "restitution . . . in an amount to be proven at trial, as permitted by law." See Compl. Plaintiff also expressly pleads all claims for relief "in the alternative," "to the extent necessary." Id. ¶¶ 55, 64, 73, 78, 86, 94, 102.

The Court finds it premature at this stage of the litigation to determine whether plaintiff's alleged injuries have an adequate remedy at law. Relying on Sonner, several district courts have suggested that a plaintiff must demonstrate the inadequacy of a legal remedy before pleading equitable relief in the alternative. See, e.g., Sharma v. Volkswagen AG, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021) ("The issue is not whether a pleading may seek distinct forms of relief in the alternative, but rather whether a prayer for equitable relief states a claim if the pleading does not demonstrate the inadequacy of a legal remedy. . . . Sonner holds that it does not."); Pelayo v. Hyundai Motor Am., Inc., No. 820CV01503JLSADS, 2021 WL 1808628, at *9 (C.D. Cal. May 5, 2021).

However, this Court—among others—does not find these holdings persuasive. See, e.g., Meltzer v. Mazda Motor of Am., Inc., 779 F. Supp. 3d 1120, 1135 (C.D. Cal. 2025) (compiling cases and declining to "deprive plaintiffs of their claims without clearer direction from a higher court"); D.B. v. Bellesa Enters. US, Inc., No. 2:25-CV-05099, 2026 WL 2058427, at *19 (C.D. Cal. July 14, 2026) ("Although equitable relief is not appropriate where an adequate remedy exists at law, [p]laintiffs are permitted to plead equitable relief in the alternative." (citation modified)). Sonner involved a distinguishable procedural posture in which plaintiff's operative complaint sought only equitable restitution under state law and did not allege an inadequate legal remedy that was plainly available. Sonner, 971 F.3d at 844. In an attempt to avoid having to persuade a jury to award her tens of millions of dollars in damages, the plaintiff in Sonner "voluntarily abandon[ed] an ostensibly viable [legal] claim" in order to request this

---

proposition. The extent to which defendant adequately asserted its challenge to plaintiff's claim for unjust enrichment is immaterial to this Court's determination.

amount from the district court judge. Id. at 838. In this context, the Ninth Circuit concluded that plaintiff's tactics were inappropriate and held that a plaintiff must allege an inadequate legal remedy before pursuing equitable restitution. Id. at 844. However, the Sonner court did not impose this requirement on pleadings for equitable relief in the alternative to legal remedies. See id. Thus, Sonner is no bar to plaintiff's pleadings in the alternative.

Moreover, even if plaintiff were required to first allege that he lacks a remedy at law, plaintiff's allegations are likely sufficient. Courts within the Ninth Circuit have stated that "a plaintiff must, at a minimum, plead that she lacks adequate remedies at law if she seeks equitable relief." See, e.g., Guthrie v. Transamerica Life Ins. Co., 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021); Chebul v. Tuft & Needle, LLC, No. 2:24-CV-02707, 2024 WL 5257021, at *3 (C.D. Cal. Oct. 9, 2024). A "simple allegation that legal remedies are inadequate in order to state an equitable claim for relief" may be enough for a claim to survive the pleading stage. Turner v. Porsche Cars N. Am., Inc., No. CV 23-06465, 2023 WL 8788754, at *6 (C.D. Cal. Dec. 19, 2023). Here, plaintiff goes beyond a mere statement of inadequacy, instead alleging that he lacks an adequate legal remedy because his claims for restitution "require[] proof of fewer elements than his legal claims, and legal remedies are less certain than equitable remedies. Courts have found similar claims sufficient to survive a motion to dismiss." See Sullivan v. Built Brands LLC, No. 24-CV-04565, 2026 WL 2475783, at *2 (N.D. Cal. Aug. 24, 2026) (citing Olly Pub. Benefit Corp., 651 F. Supp. 3d at 1129; Anderson v. Apple Inc., 500 F. Supp. 3d 993, 1009 (N.D. Cal. Nov. 16, 2020)).[2]

Accordingly, the Court **DENIES** plaintiff's motion to dismiss.

///

[2] Because plaintiff pled his claims for relief in the alternative, and because courts have found similar allegations related to "additional showings" and "less certain" legal remedies to be sufficient at the pleading stage, this Court need not address plaintiff's allegations related to his ability to seek restitution in the amount of a "full refund." See Compl. ¶ 32. Moreover, as the parties concede, the Court need not address or credit plaintiff's allegations related to the time and expense of a jury trial. See id. ¶ 35; Opp. at 7-8; Reply at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL 'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05871-CAS-SSCx | Date | September 14, 2026 |
| Title | Daniel Ruchman v. DAS Labs LLC | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

IT IS SO ORDERED.

00 : 08

Initials of Preparer CMJ